UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

------------------------------------------------------------------------------------------------X
M. CHRISTINA KETTERING, as
Administrator of the ESTATE of
BENJAMIN HARRIS

        Plaintiff,               CIVIL ACTION NO. 13-CV-0235-JD

 -vs-

PLASTIC KEGS OF AMERICA, INC.
and PKA, INC., SATELLITE LOGISTICSS
GROUP, INC., and MEDWAY PLASTIC CORPORATION
        Defendants.

------------------------------------------------------------------------------------------------X

## FIRST AMENDED COMPLAINT

### INTRODUCTION

1. Plaintiff, M. Christina Kettering, as Administratrix of the Estate of Benjamin Harris, brings this action to recover damages for the wrongful death of Benjamin Harris. The Plaintiff alleges that the Defendants are the designers, manufacturers, assemblers, marketers, sellers, and transporters of a plastic keg that was delivered to the decedent's place of employment, Red Hook Brewery/Craft Brew Alliance (CBA). The keg exploded while the Plaintiff's decedent was cleaning it, causing painful injuries that resulted in his death.

### PARTIES

2. Plaintiff, M. Christina Kettering, the Administratrix of the Estate of Benjamin Harris, of 3 Sanderling Way, Portsmouth, New Hampshire 03801, is and was at all times material hereto a resident of the City of Portsmouth, located in Rockingham County,

New Hampshire. Plaintiff brings this action in her representative capacity, to recover damages for her decedent's painful injuries and death.

3. The Defendant, Plastic Kegs of America, Inc., hereinafter (PKA), is a Delaware Corporation with a principal place of business at 40116 Industrial Park Circle, Georgetown TX 78626.

4. The Defendant, Satellite Logisticss Group, Inc., hereinafter (SLG), a foreign for profit corporation with a principal place of business situated at 12621 Featherwood Drive, Suite 390, Houston, TX. SLG is in the business of collecting empty kegs from distributors and returning them to brewers to be recycled.

5. The Defendant, Medway Plastics Corporation, hereinafter (Medway), is a for profit corporation organized pursuant to the Laws of the State of California with a principal place of business situated at 2250 Cherry Industrial Circle, Long Beach, CA 90805. Medway is in the business of producing molded plastic keg components which it sells to PKA.

## JURISDICTION

6. Jurisdiction of this Court is based upon 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000.00, and the parties are diverse in citizenship.

## FACTS

7. Defendants, PKA, at all times material hereto is in the business of designing, manufacturing, selling, supplying, and distributing plastic kegs, including the keg that exploded and killed Benjamin Harris.

8. Defendant, Medway designed, manufactured, marketed, and sold the plastic components that comprised the keg that exploded and killed Benjamin Harris. The component parts sold to PKA and included a "bursting disc", that was designed to activate and release internal keg pressure should the keg become pressurized above 90 PSI, thereby preventing a pressure induced explosion.

9. Defendant, SLG is in the business of collecting, transporting and delivering kegs to breweries including Craft Brew Alliance/Red Hook Brewery (CBA).

10. On or about April 24, 2012, Benjamin Harris was employed at CBA, in Portsmouth, New Hampshire. Benjamin Harris was cleaning a keg manufactured by PKA, and delivered to CBA by SLG, when it exploded. The explosion produced such force that the keg components struck Mr. Harris. Mr. Harris bled from his nose and mouth. He suffered painful facial lacerations, a broken nose, and throat contusions.

11. On or about April 24, 2012, the Plaintiff's decedent, died at Portsmouth Regional Hospital at 7:54 A.M. from blunt impact injury to the neck, chest, and head. As a direct and proximate cause of the Defendants' conduct the Plaintiff suffered an untimely death.

12. Upon information and belief, PKA is the largest manufacturer of reusable plastic kegs in the world. At the time of the incident PKA was the only manufacturer in the United States manufacturing reusable and refillable kegs.

13. PKA knew or should have known of previous plastic kegs failures and knew or should have known that the kegs they manufactured are defective and unreasonably dangerous as designed and manufactured.

14. PKA knew or should have known that pressurized containers must be equipped with a device to prevent catastrophic failure. An integrated bursting disc is a device that releases pressure if a keg or container is over pressurized.

15. The keg that killed Benjamin Harris had an integrated bursting disc manufactured by Medway. The integrated bursting disc did not activate while the keg was pressurized during the cleaning process.

16. Upon information and belief, SLG was engaged by CBA to collect and deliver CBA's metal kegs to the Portsmouth facility, but negligently delivered the PKA plastic keg that exploded causing the death of Benjamin Harris.

## COUNT I
## WRONGFUL DEATH (NEGLIGENCE)
## PKA

17. The Plaintiff repeats the allegations set forth in paragraphs 1 through 16 and incorporates them by reference as if stated fully herein.

18. PKA had a duty to use reasonable care in the design, manufacture, sale, supply, and distribution of the plastic keg that burst thereby killing Benjamin Harris.

19. PKA breached this duty of care by failing to warn, and failing to adequately warn end users that plastic kegs will burst when cleaned under certain pressures.

20. PKA breached this duty of care by failing to properly design plastic kegs with working integrated bursting discs.

21. A post accident inspection of the molded plastic components of the subject keg revealed that the Medway design and manufactured "bursting disc had not activated despite internal pressures in excess of 90 PSI.

22. PKA breached this duty of care by negligently failing to properly manufacture plastic kegs with working integrated bursting discs.

23. As a direct and proximate result of PKA's negligence, the Plaintiff's decedent has suffered severe injuries and death. As a result of these injuries, Plaintiff has incurred medical costs, experienced conscious pain and suffering, loss of net income, funeral and burial expenses, and has sustained other damages, all as will be shown at the trial of this matter.

WHEREFORE, Plaintiff demands judgment against PKA in an amount to be determined at the trial of this matter, together with interest and costs as provided by NH Rev. Stat. Am 556:12.

.
## COUNT II

## WRONGFUL DEATH (STRICT LIABILITY)

## PKA

24. The Plaintiff repeats the allegations set forth in paragraphs 1 through 16 and incorporates them by reference as if stated fully herein.

25. On the date of Benjamin Harris's death PKA was in the business of designing, manufacturing, selling, supplying, and distributing plastic kegs.

26. PKA's plastic kegs are defective as designed, manufactured, and fail to warn end users of non-obvious dangers associated with the product.

27. PKA had a duty to use reasonable care in the design, manufacture, sale, and distribution of the plastic keg that burst thereby killing Benjamin Harris.

28. PKA breached this duty of care and placed a defective product into the stream of commerce by failing to warn, and failing to adequately warn end users that plastic kegs will burst when cleaned under certain pressures.

29. PKA breached this duty of care and placed a defective product into the stream of commerce by failing to properly design plastic kegs with working integrated bursting discs.

30. PKA breached this duty of care and placed a defective product into the stream of commerce by failing to properly manufacture plastic kegs with working integrated bursting discs.

31. PKA plastic kegs are unreasonably dangerous in that they fail to adequately warn end users that under certain pressures its product will burst and catastrophically fail, thereby creating a projectile that is capable of injuring or killing its user. PKA plastic kegs are unreasonably dangerous in that without an integrated bursting disc, or without a working integrated bursting disc its product will rupture and burst thereby creating a projectile that is capable of injuring or killing its user.

32. As a direct and proximate result of PKA's conduct, the Plaintiff's decedent has suffered severe injuries and death. As a result of these injuries, the Plaintiff's decedent has incurred medical costs, experienced conscious pain and suffering, loss of

net income, funeral and burial costs, and has sustained other damages, all as will be shown at the trial of this matter.

WHEREFORE, Plaintiff demands judgment against Defendant PKA in an amount to be determined at the trial of this matter, together with interest and costs as provided by NH Rev Stat Law 556:12.

## COUNT III
## WRONGFUL DEATH (BREACH OF WARRANTY)
## PKA

33. The Plaintiff repeats the allegations set forth in paragraphs 1 through 16 and incorporates them by reference as if stated fully herein.

34. On the date of Benjamin Harris's death PKA was in the business of designing, manufacturer, selling, and distributing plastic kegs.

35. As a direct and proximate result of PKA's violations of the implied warranties of merchantability and fitness for a particular purpose, the Decedent, Benjamin Harris, suffered severe injuries and death.

36. PKA had a duty to use reasonable care in the design, manufacture, sale, and distribution of the plastic keg that burst thereby killing Benjamin Harris.

37. PKA breached this duty of care and placed a defective product into the stream of commerce by failing to warn, and failing to adequately warn end users that plastic kegs will burst when cleaned under certain pressures.

38. PKA breached this duty of care and placed a defective product into the stream of commerce by failing to properly design plastic kegs with working integrated bursting discs.

39. PKA breached this duty of care and placed a defective product into the stream of commerce by failing to properly manufacture plastic kegs with working integrated bursting discs.

As a direct and proximate result of PKA's breach of warranty of merchantability and fitness for a particular purpose, the Plaintiff's decedent has suffered severe injuries and death. As a result of these injuries, Plaintiff has incurred medical costs, experienced conscious pain and suffering, loss of net income, funeral and burial costs, and has sustained other damages, all as will be shown at the trial of this matter.

WHEREFORE, Plaintiff demands judgment against PKA in an amount to be determined at the trial of this matter, together with interest and costs as provided by NH Rev Stat Law 556:12.

## COUNT IV
## WRONGFUL DEATH NEGLIGENCE
## SATELLITE LOGISTICSS GROUP (SLG)

40. Plaintiff repeats the allegations set forth in Paragraphs 1 through 16 as if set forth word for word.

41. As an organization engaged in the collection, transport, and delivery of beer kegs, SLG knew or should have known the inherent differences between metal and plastic kegs with respect to their internal pressure tolerances.

42. As an organization that regularly delivered only metal kegs to the CBA facility in Portsmouth. SLG knew or should have known that the facility was designed to handle only metal kegs that had a much higher pounds per square inch capacity than the 90 PSI capacity imprinted on the plastic keg it delivered to CBA and which subsequently exploded killing Benjamin Harris.

43. Upon information and belief, SLG had never delivered a plastic keg to CBA prior to April 19, 2012 and knew or should have known that such kegs were foreign and unfamiliar to CBA.

44. Upon information and belief, the plastic PKA keg that exploded on April 24, 2012, killing Benjamin Harris had been delivered to the CBA facility in Portsmouth, New Hampshire by SLG, which knew or should have known the plastic keg was unfamiliar to CBA but would be subjected to the higher PSI pressures used by CBA to clean metal kegs which had pressure tolerances far in excess of the PSI tolerances of the plastic PKA keg and therefore creating the unreasonable risk of a catastrophic explosion.

45. SLG, having negligently created an unreasonable risk of injury, had a duty to warn CBA and its employees concerning the limitations and hazards associated with handling pressurizing and cleaning of plastic kegs.

46. Satellite Logistics Group breached its duty thereby directly causing or contributing to the painful injuries and wrongful death of Benjamin Harris.

WHEREFORE, Plaintiff demands judgment against SLG in an amount to be determined at the trial of this matter, together with interest and costs as provided by NH Rev Stat Law 556:12.

**COUNT V**

## WRONGFUL DEATH NEGLIGENCE

## MEDWAY PLASTICS CORPORATION

47. Plaintiff repeats the allegations set forth in paragraphs 1 through 16 and incorporates them by reference as of stated fully herein.

48. Medway had a duty to use reasonable care in the design, manufacture, sale, supply, and distribution of the plastic keg components including the "bursting disc" that it sold to PKA.

49. Medway knew or should have known that the component parts it designed, manufactured, supplied, sold and distributed to PKA would be subjected to pressurized air at levels that created an unreasonable risk of injury to those who would foreseeable handle or clean the plastic keg, should the "bursting disc" fail to activate.

50. Medway owed a duty of care to those foreseeable users of plastic keg components designed, manufactured, sold and/or distributed by it to use reasonable care to design, manufacture, sell, and distribute said component parts including integrated "bursting disc" free of defects in design or manufacture and with adequate and sufficient warnings to notify foreseeable users of such products of the dangers associated with their use.

51. Medway breached the duty of care owed to the Plaintiff's decedent, Benjamin Harris, by negligently designing, manufacturing, distributing, marketing, and selling plastic keg component parts, including an integrated "bursting disc" that failed to activate and release the internal keg pressure thereby causing the keg to explode, causing serious painful injuries and death of Benjamin Harris.

WHEREFORE, Plaintiff demands judgment against Medway in an amount to be determined at the trial of this matter, together with interest and costs as provided by NH Rev Stat Law 556:12.

.
## COUNT VI
## WRONGFUL DEATH (STRICT LIABILITY)
## MEDWAY

52. The Plaintiff repeats the allegations set forth in paragraphs 1 through 16 and incorporates them by reference as if stated fully herein.

53. On the date of Benjamin Harris's death Medway was in the business of designing, manufacturing, selling, supplying, and distributing plastic kegs.

54. Medway's plastic kegs are defective as designed, manufactured, and fail to warn end users of non-obvious dangers associated with the product.

55. Medway had a duty to use reasonable care in the design, manufacture, sale, and distribution of the plastic keg that burst thereby killing Benjamin Harris.

56. Medway breached this duty of care and placed a defective product into the stream of commerce by failing to warn, and failing to adequately warn end users that plastic kegs will burst when cleaned under certain pressures.

57. Medway breached this duty of care and placed a defective product into the stream of commerce by failing to properly design plastic kegs with working integrated bursting discs.

58. Medway breached this duty of care and placed a defective product into the stream of commerce by failing to properly manufacture plastic kegs with working integrated bursting discs.

59. Medway plastic kegs are unreasonably dangerous in that they fail to adequately warn end users that under certain pressures its product will burst and catastrophically fail, thereby creating a projectile that is capable of injuring or killing its user. Medway plastic kegs are unreasonably dangerous in that without an integrated bursting disc, or without a working integrated bursting disc its product will rupture and burst thereby creating a projectile that is capable of injuring or killing its user.

60. As a direct and proximate result of Medway's conduct, the Plaintiff's decedent has suffered severe injuries and death. As a result of these injuries, the Plaintiff's decedent has incurred medical costs, experienced conscious pain and suffering, loss of net income, funeral and burial costs, and has sustained other damages, all as will be shown at the trial of this matter.

WHEREFORE, Plaintiff demands judgment against Defendant Medway in an amount to be determined at the trial of this matter, together with interest and costs as provided by NH Rev Stat Law 556:12.

## COUNT VII
## WRONGFUL DEATH (BREACH OF WARRANTY)
## MEDWAY

61. The Plaintiff repeats the allegations set forth in paragraphs 1 through 16 and incorporates them by reference as if stated fully herein.

62. On the date of Benjamin Harris's death Medway was in the business of designing, manufacturer, selling, and distributing plastic keg components.

63. As a direct and proximate result of Medway's violations of the implied warranties of merchantability and fitness for a particular purpose, the Decedent, Benjamin Harris, suffered severe injuries and death.

64. Medway had a duty to use reasonable care in the design, manufacture, sale, and distribution of the plastic keg components that burst thereby killing Benjamin Harris.

65. Medway breached this duty of care and placed a defective product into the stream of commerce by failing to warn, and failing to adequately warn end users that plastic kegs will burst when cleaned under certain pressures.

66. Medway breached this duty of care and placed a defective product into the stream of commerce by failing to properly design plastic keg components with working integrated bursting discs.

67. As a direct and proximate result of Medway's breach of warranties of merchantability and fitness for a particular purpose, the Plaintiff's decedent has suffered severe injuries and death. As a result of these injuries, Plaintiff has incurred medical costs, experienced conscious pain and suffering, loss of net income, funeral and burial costs, and has sustained other damages, all as will be shown at the trial of this matter.

WHEREFORE, Plaintiff demands judgment against Medway in an amount to be determined at the trial of this matter, together with interest and costs as provided by NH Rev Stat Law 556:12.

PLAINTIFF DEMANDS TRIAL BY JURY.

          Plaintiffs By their attorneys,


/s/ Robert M. Byrne, Jr.
**Robert M. Byrne, Jr., Esq**.
Robert T. Naumes, Sr., Esq.
Joseph R. Donohue, Esq.
Thornton & Naumes, LLP
100 Summer Street, 30th Fl.
Boston, MA 02110
617.720.1333
617.720.2445 Facsimile
rbyrne@tenlaw.com
rnaumes@tenlaw.com
jdonohue@tenlaw.com

/s/ Justin P. Nadeau
**Justin P. Nadeau, Esq. (#15356)**
Law Offices of Justin P. Nadeau, P.A.
507 State Street
Portsmouth, NH 03801
603.436.0110
603.436.5200 Facsimile
Justin@NadeauLawOffices.com

/s/Justin C. Caramagno
**Justin C. Caramagno, Esq. (#4142)**
Law Offices of Justin C. Caramagno
402 The Hill, Deer Street
Portsmouth, NH 03801
603.431.5504
603.431.5481 Facsimile
Justin@nhlawoffices.com